The Honorable Marsha Pechman

_____ FILED  _____ ENTERED
_____ LODGED _____ RECEIVED

**JUL 16 2004**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                        DEPUTY

02-CV-01032-BR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MICHELLE HANSEN, ROBERT BOUSTEDT, PETE MANGOURAS, KIM KUHRY, personally and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TICKET TRACK, INC., <br><br> Defendant. | No. C02-1032P <br><br> [PROPOSED] FINDINGS OF FACT AND CONCLUSION OF LAW ON CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS |

The Court, based on the facts of record, the submissions and argument of counsel, and being otherwise fully advised in the premises, hereby makes the following:

## FINDINGS OF FACT

1.    On May 8, 2002, Plaintiffs brought this class action complaint alleging that Ticket Track, Inc., a collection agency licensed and incorporated under the laws of the State of Washington, violated the Washington Collection Agencies Act, RCW 19.16.100 *et seq.* ("WCAA"), the Washington Consumer Protection Act, RCW 19.86.010-920 ("WCPA"), the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C § 1962 ("RICO").

2.    At the outset of this case, Class Counsel agreed to limit its fee application to the lesser of a) 10 percent of the net recovery; or b) a multiplier of 1.2.

3.    On February 25, 2003, the Court certified the following class:

FINDINGS AND CONCLUSIONS
Case No. CV02-1032P; Page 1

N:\CLIENTS\25717\1\FINDINGS.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

All persons with addresses in the State of Washington on whose claims the statute of limitations has not run who were sent, or will be sent during the pendency of this action, a letter from defendant Ticket Track demanding payment of an obligation incurred for personal, family, or household purposes relating to an unpaid parking ticket, which was not returned as undelivered by the Post Office, where the amount demanded exceeds the amount of the originally assessed parking ticket.

4.    Notice was provided to members of the Class as ordered by the Court, and Class Counsel advanced the costs of this notice, spending in excess of $80,000.

5.    Subsequent to providing notice to the class, Defendant moved to decertify the class, but the Court denied that motion.

6.    On July 21, 2003, the Court decided cross-motions for summary judgment ruling that Ticket Track, Inc. violated the WCPA and WCAA but did not violate RICO, dismissing that claim. The Court found issues of fact regarding the FDCPA claim.

7.    On October 6, 2003, the Court denied the Plaintiff Class' motion for entry of a permanent injunction ruling that the entry of such a judgment would have to await a full trial of this matter.

8.    On that same day, the Court also denied Class Counsel's motion seeking an order requiring Defendant to pay the costs of notice to the Class.

9.    On that same day, the parties mediated their claims before Judge George Finkle, Ret. and reached a settlement agreement on all non-monetary terms.

10.    The parties agreed to the entry of a judgment against Ticket Track, Inc. permanently enjoining Ticket Track, Inc. and Craig Bagdon from collecting or attempting to collect any "violation fees," as described in the Court's July 21, 2003 Order, from individuals with addresses in the state of Washington. If the Washington Collection Agencies Act, RCW § 19.16.100 *et seq.*, or any other state statute is modified to make the collection of "violation fees" legal, this injunction shall automatically dissolve.

11.    At the mediation, Craig Bagdon represented that neither he nor Ticket Track, Inc. was able to contribute money towards a settlement.

FINDINGS AND CONCLUSIONS
Case No. CV02-1032P; Page 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

12.    Subsequent to the mediation, Mr. Bagdon provided Class Counsel with a declaration confirming the precarious financial circumstances described during the mediation.

13.    On October 7, 2003, corporate counsel for Ticket Track, Inc. wrote a letter to counsel representing Philadelphia Insurance Companies demanding that his client tender the limits under the insurance policy to finalize this mediated settlement.

14.    The letter confirms that "Ticket Track's precarious financial state makes it unable to contribute" money to the settlement.

15.    Philadelphia Insurance Companies had issued Ticket Track, Inc. a professional liability insurance policy and defended this lawsuit under a reservation of rights.

16.    Neither Craig Bagdon nor Ticket Track, Inc. is able to contribute money towards a settlement.

17.    After weeks of negotiations, the insurer agreed to pay $625,000, approximately 75% of the remaining insurance coverage, to settle this class action lawsuit.

18.    This Settlement Agreement and Release executed by the parties was preliminarily approved by Order of this Court on April 7, 2004 along with a Notice of Settlement.

19.    On April 25, 2004, the Notice of Settlement was published in the Seattle Times and the Spokane Spokesman-Review as ordered by the Court.

20.    The Notice of Settlement states that the $625,000 will be used to compensate Plaintiffs and Class Counsel for some of the fees and costs incurred to date and to make a *cy pres* payment of the balance to the LAW Fund, the primary private fundraising vehicle for legal service programs in Washington.

21.    The present-day monetary value of the injunctive relief resulting from the settlement is between $2,444,515 and $3,738,372.

22.    This range of values is calculated based on ~~adding between 26 and 48 percent of the amount collected by Ticket Track and forwarded to the parking lot owners/managers to~~ the amount collected and retained by Ticket Track.

FINDINGS AND CONCLUSIONS
Case No. CV02-1032P; Page 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25717\1\FINDINGS.DOC

23. This present-day monetary value of the injunctive relief is a conservative estimate because the present value of the income stream is calculated using only a ten-year time horizon and an interest rate of 4.36%. *2,444,515*

24. Ten percent of $5,002,371, the minimum present-day monetary value of the injunctive relief resulting from the settlement, is $300,237. *244,451*

*MW*

25. During the course of this litigation, Class Counsel reviewed twenty-three boxes of documents produced by numerous parties that detail the facts surrounding the claims. Class Counsel and investigators working for Class Counsel have met with and interviewed dozens of witnesses with knowledge concerning the claims. Nine substantive depositions have been taken. Class Counsel spent over 1,900 hours litigating this case. To assist in the analysis of the action, Class Counsel has retained and consulted with experts in economics. The October 17, 2003 discovery cut-off date had passed when the settlement was reached in this case.

26. The lodestar value of Plaintiffs' counsels' time, billed at their regular rates, was $533,955 as of February 15, 2004. If a multiplier of 1.2 is applied to this time, the resulting fee award would be $640,746. Such a fee award would be more than 10% of the net recovery.

27. During the course of this litigation, Class Counsel has advanced costs and expenses in the total amount of $140,562. To date, none of these costs and expenses has been reimburse to Class Counsel.

28. All four plaintiffs, Michelle Hansen, Robert Boustedt, Pete Mongouras, and Kim Kuhry, responded to discovery, were deposed by Defendant, and assisted with the prosecution of this lawsuit.

29. The Notice of Settlement states that Class Counsel will request that each of the four named Plaintiffs receive an award of $3,000 for their effort in bringing the case.

30. No objection to the award of attorney's fees, reimbursement of costs and expense and award of compensation to the plaintiffs has been filed by any Class Member.

FINDINGS AND CONCLUSIONS
Case No. CV02-1032P; Page 4

N:\CLIENTS\25717\1\FINDINGS.DOC

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

31.    Class Counsel in this action, the firm of Keller Rohrback, is a well-known class action law firm with extensive experience in class action litigation.

32.    Co-lead counsel, Harish Bharti, also has experience in class action litigation.

33.    Those two firms undertook this action without participation by any other firm and were solely responsible for its outcome.

34.    The Court is satisfied that its knowledge of the proceedings, including discovery, motions to consolidate and for class certification, and the briefing and argument related thereto, is adequate for purposes of considering the reasonableness of Class Counsel's fee request.

From the foregoing Findings of Fact, the Court hereby makes the following:

## CONCLUSIONS OF LAW

1.    The appropriate basis for determining attorneys' fees is 10% of the net recovery based upon the agreement of Class Counsel at the outset of the case.

2.    In the context of this case, the term "net recovery" includes the value of the injunction achieved through the settlement.

3.    The value of the injunction should be ~~at least~~ the amount retained by Ticket Track ~~plus between 26 and 48 percent of the amount forwarded to the parking lot owners/managers.~~
$24 4, 45 l

4.    An attorney's fee award of $~~300,257~~, 10% of the minimum value of the injunction ~~and about 56% of the lodestar fees incurred through February 15, 2004~~, is fair and reasonable under all the circumstances.

5.    Reimbursement of the $140,562 in costs and expenses advanced by Class Counsel during the course of this litigation is fair and reasonable under the circumstances.

6.    An award of $3,000 to each of the four plaintiffs, Michelle Hansen, Robert Boustedt, Pete Mongouras, and Kim Kuhry, who responded to discovery and were deposed by Defendant is fair and reasonable under the circumstances.    $22 7, 9 8 7

7.    Class Counsel will pay the balance of the cash, $~~142,201~~, to the LAW Fund as a *cy pres* payment, and this amount is fair and reasonable under the circumstances.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    DATED this _16_ day of July, 2004.

2

3

4                                          Honorable Marsha Pechman
                                           United States District Judge
5

6    Presented by:

7    KELLER ROHRBACK L.L.P.

8

9    By

10   Mark A. Griffin, WSBA #16296
     Juli Farris Desper, WSBA #17593

11   LAW OFFICE OF HARISH BHARTI
     & ASSOCIATES L.L.C.

12
     Attorneys for Plaintiff Class
13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINDINGS AND CONCLUSIONS
Case No. CV02-1032P; Page 6

LAW OFFICES OF

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

N:\CLIENTS\25717\11\FINDINDS.DOC